UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

CEDRIC LOVELLE GRAY, a/k/a Ced,
        *Defendant-Appellant.*

No. 01-4644

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-01-4)

Submitted: August 13, 2002

Decided: August 30, 2002

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Randolph O. Gregory, Sr., LAW OFFICE OF RANDOLPH O. GREGORY, SR., Baltimore, Maryland, for Appellant. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Cedric Lovelle Gray appeals the district court's order sentencing him to 216 months imprisonment following his guilty plea to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). In his appeal, filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Gray raises two issues, neither of which were preserved in the district court. Accordingly, they are reviewed for plain error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996).

Gray first suggests that the district court erred in applying a two-point enhancement for possession of a firearm within the scope of the drug distribution scheme. *See U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). The uncontradicted evidence, as recounted in the presentence report, clearly indicates that Gray carried a firearm during the course of the distribution scheme. Accordingly, it was not plain error for the district court to assign two points pursuant to § 2D1.1(b)(1).

Gray next claims that the district court erred in its assignment of a four-point enhancement for Gray's role as a leader or organizer of a criminal activity that involved five or more participants. *See* USSG § 3B1.1(a). Our review of the record supports the court's finding that there were at least five participants involved in the distribution scheme. Additionally, although the scheme was a loosely organized cooperative venture between several narcotics dealers, it is clear from the record that Gray played a central role in the scheme, with other participants regularly referring customers to Gray. Consequently, it was not plain error for the district court to assign the four-point enhancement.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave

to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*